UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BOBBIE MAXWELL, JR.,

       Plaintiff,                                  Hon. Janet T. Neff

v.                                                 Case No. 1:10-CV-404

CORRECTIONAL MEDICAL
SERVICES, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Dr. Jeffrey Stieve's Motion for Summary Judgment</u>. (Dkt. #15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.


## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Plaintiff was incarcerated in 1994, after which he "developed pain in both hips." Following his release in 2003, Plaintiff treated with Dr. Boon Cho Chang. The doctor initially prescribed therapy and medication, but when such proved unsuccessful Dr. Chang "recommended surgery." However, before Dr. Chang could locate a surgeon to perform surgery, Plaintiff was again incarcerated in July 2005.

In August 2005, Plaintiff was diagnosed with "moderately advanced bilateral hip degenerative changes, the right side greater than the left." X-rays of Plaintiff's hips, taken on September 21, 2007, revealed "advanced arthritic changes." On November 14, 2007, Plaintiff was diagnosed with

"bilateral avascular necrosis of the hips," for which "bilateral hip replacement surgery" was recommended. Dr. Keith Ivens denied this recommendation because of Plaintiff's "pre-existing gun shot wounds." Dr. Ivens instead recommended "continuation of ambulation assistance devices." On March 11, 2008, Physician's Assistant, Celeste Fraser requested an MRI of Plaintiff's right hip. This request was denied by Dr. Bency Mathai.

On October 2, 2008, Physician's Assistant Hope Heebsh, noting that Plaintiff "failed conservative treatment," recommended that Plaintiff undergo bilateral hip replacement. This recommendation was rejected by Dr. Ivens, who instead recommended that Plaintiff's "pain be managed with maximum pain medication" and "hip strengthening." Physician's Assistant Heebsh also requested that Plaintiff be provided an air mattress. This request was denied by Dr. Jeffrey Stieve. Since December 23, 2008, Plaintiff "has been unable to walk and is confined to the use of a wheelchair." On February 9, 2009, Physician's Assistant Heebsh "ordered" that Plaintiff be permanently permitted to use a wheelchair. On July 17, 2009, Physician's Assistant Margaret Ouellette "ordered" that Plaintiff only be permitted to use a wheelchair "for long distances."

Plaintiff initiated this action on April 26, 2010, against Correctional Medical Services, Inc. (CMS), Prison Health Services, Inc. (PHS), Dr. Ivens, Physician's Assistant Ouellette, Dr. Steive, and Dr. Mathai. Plaintiff alleges that Defendants have violated his constitutional right to be free from cruel and unusual punishment. Plaintiff seeks injunctive and monetary relief. Defendant Stieve now moves for summary judgment. Plaintiff has failed to respond to the present motion. As discussed below, the Court recommends that Defendant's motion be granted.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

**I.       Motion for Summary Judgment**

Plaintiff asserts a single claim against Defendant Stieve, that he denied a recommendation to provide Plaintiff with an air mattress. Plaintiff asserts that this denial violated his Eighth Amendment right to be free from cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). A serious medical need has been defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).

The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the officials possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

To the extent, however, that Plaintiff merely disagrees with the treatment he received, or asserts that he received negligent care, Defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability – even if the harm ultimately was not averted).

Defendant Stieve has submitted an affidavit in which he asserts that he denied the air mattress recommendation because in his judgment it was not medically necessary. (Dkt. #16, Exhibit C). Plaintiff has submitted no evidence to the contrary or which calls into question Defendant's Stieve's assertion. The evidence reveals, therefore, that Plaintiff's claim against Defendant Stieve is based merely on the fact that he disagreed with a treatment decision which Defendant considered medically appropriate under the circumstances. Such does not implicate the Eighth Amendment. Accordingly, the Court recommends that Defendant Stieve is entitled to summary judgment.

**II.        Exhaustion**

Defendant Stieve also asserts in the alternative that Plaintiff's claim must be dismissed for failure to properly exhaust administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's

requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

When assessing whether a prisoner has properly exhausted his claims as required by the PLRA, it is appropriate to seek guidance from the substantively similar exhaustion rules applicable to petitions for writ of habeas corpus. *See Woodford,* 548 U.S. at 88. In the habeas context, a petitioner is required to properly present his federal claims through one complete round of the State's established appellate review process. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). To "'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies." *Id.* at 848 (citation omitted). The Supreme Court has stated that in the habeas context, "the sanction for failing to exhaust properly (preclusion of federal review) is called procedural default." *Woodford,* 548 U.S. at 92. To determine whether a habeas petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir.2004), *cert. denied,* 544 U.S. 928 (2005); *accord Lancaster v. Adams,* 324 F.3d 423, 436-37 (6th Cir.2003).

Under the procedural default component of § 1997e(a), a prisoner's claims are procedurally defaulted if he fails to complete the administrative review process in accordance with the deadlines and other applicable procedural rules and prison officials actually relied upon the procedural rule to bar review of the grievance. *See Johnson v. Meadows,* 418 F.3d 1152, 1159 (11th Cir.2005),

*cert. denied,* 126 S.Ct. 2978 (2006); *Spruill v. Gillis,* 372 F.3d 218, 222 (3rd Cir.2004) (holding that "the determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations"). Moreover, just as procedural default in the federal habeas corpus context must be predicated on an adequate and independent state ground, the procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill,* 372 F.3d at 232.

In support of his motion, Defendant Stieve has provided copies of five grievances that Plaintiff has pursued. Plaintiff has not alleged that he filed any other grievances that are relevant in this matter.

### A. Grievance ACF-2008-12-1151-12D1

Plaintiff filed this grievance on December 27, 2008, challenging Defendant Ivens' October 22, 2008 decision rejecting a request hip replacement surgery. (Dkt. #16, Exhibit B). Defendant Stieve is not referenced in this grievance. Moreover, this grievance does not concern the incident giving rise to Plaintiff's claim against Defendant Stieve. Thus, this grievance fails to exhaust Plaintiff's claim against Defendant Stieve.

### B. Grievance ACF-2009-05-0407-12F3

Plaintiff filed this grievance on May 12, 2009, alleging that Defendant Ouellette denied his request for pain medication on May 8, 2009. (Dkt. #16, Exhibit B). Defendant Stieve is not referenced in this grievance. Moreover, this grievance does not concern the incident giving rise to

Plaintiff's claim against Defendant Stieve. Thus, this grievance fails to exhaust Plaintiff's claim against Defendant Stieve.

### C. Grievance ACF-2009-06-0524-12D4

Plaintiff filed this grievance on June 23, 2009, alleging that Defendant Ouellette was unprofessional and forced him to leave her office earlier that day. (Dkt. #16, Exhibit B). Defendant Stieve is not referenced in this grievance. Moreover, this grievance does not concern the incident giving rise to Plaintiff's claim against Defendant Stieve. Thus, this grievance fails to exhaust Plaintiff's claim against Defendant Stieve.

### D. Grievance ACF-2009-12-1187-12C2

Plaintiff filed this grievance on December 10, 2009, alleging that he was denied placement in the Assaultive Offender Program (AOP). (Dkt. #12, Exhibit B). Defendant Stieve is not referenced in this grievance. Moreover, this grievance does not concern the incident giving rise to Plaintiff's claim against Defendant Stieve. Thus, this grievance fails to exhaust Plaintiff's claim against Defendant Stieve.

### E. Grievance ACF-2009-07-0566-03F

Plaintiff filed this grievance on July 7, 2009, challenging a decision by Pat Merlau, R.N., to "restrict [his] wheelchair use." (Dkt. #12, Exhibit B). Defendant Stieve is not referenced in this grievance. Moreover, this grievance does not concern the incident giving rise to Plaintiff's claim against Defendant Stieve. Thus, this grievance fails to exhaust Plaintiff's claim against Defendant Stieve.

The Court, therefore, recommends in the alternative that Plaintiff's claim against Defendant Stieve be dismissed without prejudice for failure to properly exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Dr. Jeffrey Stieve's Motion for Summary Judgment</u>, (dkt. #15), be **granted**. Specifically, the undersigned recommends that Defendant Stieve is entitled to summary judgment as to Plaintiff's claim. The undersigned further recommends, in the alternative, that Plaintiff's claim against Defendant Stieve be dismissed without prejudice for failure to properly exhaust administrative remedies.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

    Respectfully submitted,

Date: January 18, 2011        /s/ Ellen S. Carmody
        ELLEN S. CARMODY
        United States Magistrate Judge