UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BOBBIE A. MAXWELL, JR.,

    Plaintiff,

v.

CORRECTIONAL MEDICAL
SERVICES et al.,

    Defendants.
_____/

Case No. 1:10-cv-404

HON. JANET T. NEFF

## **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's claim that Defendants violated his constitutional right to be free from cruel and unusual punishment. The matter is currently before the Court on Defendants, Correctional Medical Services, Inc., Keith Ivens, M.D., and Bency Mathai, M.D.'s Motion to Dismiss (Dkt 11). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 23), recommending that Defendants' motion be granted in part and denied in part. The matter is presently before the Court on Objections to the Report and Recommendation filed by Plaintiff (Pl. Obj., Dkt 27) and Defendant Keith Ivens, M.D. (Def. Obj., Dkt 31), as well as the Response to Plaintiff's Objections filed by Defendants Correctional Medical Services, Inc. (CMS), Keith Ivens, M.D., and Bency Mathai, M.D. (Def. Resp., Dkt 32). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

A. Defendant Mathai

Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to exhaust administrative remedies as to his complaint against Defendant Mathai. Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff's only claim against Dr. Mathai was that the doctor denied Plaintiff an MRI examination on March 11, 2008. Plaintiff points to Paragraph 42 of the Complaint in support of his assertion that Dr. Mathai "refus[ed] to support surgery for Plaintiff by refusing the MRI and stating criteria not met" and "did not act to 'optimize pain management'" (Dkt 27 at 4) (citing Pl. Compl., Dkt 1 at 14).[1] Contrary to Plaintiff's representation, however, the focus of paragraph 42 of his Complaint is that "*the rejection of a diagnostic MRI by Defendant Mathai* shows deliberate indifference to Plaintiff's constant suffering" (*id.*; emphasis added). Further, Dr. Mathai referred Plaintiff to the pain management clinic (PMC), and "[f]ollowing this recommendation from Dr. Mathai, *the PMC* did not act to 'optimize pain management'" (Dkt 1 at 14) (emphasis added). The Magistrate Judge properly found that Plaintiff's complaint only asserted a claim against Dr. Mathai for denial of an MRI examination.

Plaintiff next points to several paragraphs of Grievance ACF-2008-12-1151-12D1 and claims that "[i]t is fair to conclude . . . that the complaints that are grieved are against both Dr. Ivens and Dr. Mathai for both the refusal of surgery and the denial of pain medication" (Dkt 27 at 4).

---

[1] Plaintiff also asserts in his objection that "Dr. Mathai was also involved with [] the denial of hip replacement surgery" and "not just the denial of a diagnostic MRI" (Dkt 27 at 2). Plaintiff points to no allegations in the Complaint to support this assertion, however. The Court, when evaluating a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), "may not consider matters beyond the complaint." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009). As such, this new claim by Plaintiff is not properly before the Court. Even if, assuming arguendo, the claim was properly before the Court and sufficient to state a claim of denial of surgery, Plaintiff has not exhausted his administrative remedies as to such a claim. Nowhere in any of the grievances filed by Plaintiff did he grieve Dr. Mathai's involvement in the denial of hip replacement surgery.

However, as the Magistrate Judge properly noted, Dr. Mathai is only mentioned once in the grievance, in a paragraph alleging that CMS staff "are allowing [Plaintiff] to suffer . . . pain needlessly when relief is available" (Dkt 23 at 10; *see* Dkt 11, Att. 2 at 9). As such, the Magistrate Judge properly concluded that the grievance "cannot reasonably be said to have put the recipients on notice that Plaintiff was challenging a months old decision by Dr. Mathai to reject a recommendation that Plaintiff undergo an MRI examination" (Dkt 23 at 10). As a result, the Magistrate Judge's finding that Plaintiff had failed to exhaust administrative remedies as to the claim against Defendant Mathai was proper.

B. Defendant Ivens

The Magistrate Judge found that Plaintiff had failed to exhaust administrative remedies with respect to his claim based on Defendant Ivens' November 14, 2007 denial of hip replacement surgery, but that Plaintiff had properly exhausted administrative remedies as to Defendant Ivens' October 22, 2008 denial of surgery. Plaintiff objects to the Magistrate Judge's finding regarding the November 14, 2007 denial, and Defendant Ivens objects to the Magistrate Judge's finding as to the October 22, 2008 denial.

i. November 14, 2007 Denial

Plaintiff asserts that he properly grieved the November 14, 2007 denial of surgery in paragraph 6 of Grievance ACF-2008-12-1151-12D1. That paragraph alleges that "C.M.S. Staff demonstrated 'Deliberate Indifference' to My medical needs going back to November, 2007, when Dr. Ivens refused to authorize my Hip Replacement Operation" (Dkt 11, Att. 2 at 9). The Magistrate Judge found that this reference to the November 14, 2007 was not sufficient to put the recipients on notice that Plaintiff was grieving the November 14, 2007 denial because "the clear focus of the

3

grievance" was the October 22, 2008 denial and because "the November 2007 incident was more than one year distant" (Dkt 23 at 9-10).

Plaintiff points to no error in the Magistrate Judge's analysis, but asserts that "[o]ne fact that may have mislead [sic] the judge is that it is not clear from that grievance or from the complaint that Plaintiff did not know during the year that passed from November 2, 2007, to December of 2008, that Dr. Ivens had denied Dr. Ikram's recommendation for surgery in November of 2007" (Dkt 27 at 3). Plaintiff also argues that "[t]he fact that Defendant Ivens denied the hip replacement surgery twice is an essential fact that needs to be in evidence" (Dkt 27 at 2).

The Magistrate Judge properly noted that the clear focus of the grievance at issue was the October 22, 2008 denial of surgery (*see* Dkt 11, Att. 2 at 9, ¶ 1). Further, plaintiff's new factual assertion regarding his knowledge of the denial, and his insistence that the November 2007 denial is an essential fact, do not raise challenges to the Magistrate Judge's analysis or conclusion. These assertions do not invalidate the Magistrate Judge's proper determination that Plaintiff failed to exhaust administrative remedies as to the November 2007 decision. Plaintiff's objection is, therefore, denied.

ii. October 22, 2008 Denial

Defendant Ivens asserts that the Magistrate Judge erred in finding that Plaintiff had properly exhausted administrative remedies related to the October 22, 2008 denial of hip replacement surgery because "Plaintiff's Grievance . . . failed to name Defendant, Dr. Ivens, as to any event of October 22, 2008" (Dkt 31 at 4). Defendant asserts that the Magistrate Judge's finding "directly violates the plain language of the controlling MDOC Policy Directive, which requires a Grievant to name 'all

those involved in the issue being grieved,'" (Dkt 31 at 5) (citing MDOC Policy Directive 03.02.130), and "violates the purpose of the grievance procedure itself" (*id.* at 6).

Defendant's objection is without merit. The Magistrate Judge properly found that "Plaintiff's grievance statement . . . is sufficient to have put prison officials on notice that Plaintiff was grieving Defendant Ivens' October 22, 2008 decision …" (Dkt 23 at 9). A grievance that fails to name specific individuals may still exhaust a claim if it "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Hall v. Raja*, No. 09-10933, 2010 WL 3070145, at *5 (E.D. Mich. Apr. 26, 2010) (holding that prisoner had exhausted his administrative remedies despite the fact that he did not specifically name the medical staff whose decisions he grieved); *see Hudson v. DeForest*, No. 09-11245, 2010 WL 1141606, at *3 (E.D. Mich. Mar. 1, 2010) (holding that "[t]he fact that Plaintiff did not identify [Defendant] by *name* is not fatal to the claim, despite the language of the policy directive").

Defendant Ivens further asserts that "Plaintiff did not attempt to resolve his issue with Dr. Ivens before filing his written grievance, as required by MDOC P.D. 03.02.130" (Dkt 31 at 5). Because MDOC accepted Plaintiff's grievance and reviewed it on the merits, however, Plaintiff's failure to attempt to resolve the issue cannot now be used to default Plaintiff's claim. *See Contor v. Caruso*, No. 1:07-cv-303, 2008 WL 878665, at *8 (W.D. Mich. Mar. 28, 2008) ("Because prison officials did not actually rely upon the procedural rule to bar review of the grievance, they cannot invoke the default against Plaintiff."); *Baker v. Vanderark*, No. 1:07-cv-004, 2007 WL 3244075, at *7 (W.D. Mich. Nov. 1, 2007) (holding that "[i]nterpreting . . . the proper exhaustion doctrine to

require MDOC to raise the procedural problems during the grievance process is consistent with MDOC policy …").

Because the Magistrate Judge properly found that Plaintiff had exhausted his administrative remedies as to the October 22, 2008 denial of hip surgery, Defendant's objections to the Magistrate Judge's Report and Recommendation are denied.

### C. Defendant Correctional Medical Services, Inc.

In Plaintiff's Objection to the Report and Recommendation, Plaintiff requests permission to amend the complaint against CMS (Dkt 27 at 4). Plaintiff states that he "agree[s] that the allegations against Correctional Medical Services are not specific enough regarding the unconstitutional policies, practices, and procedures; how the constitutional policies, practices, and procedures were violated; and how the following or the violation of the policies, practices, and procedures violated Plaintiff's constitutional rights" (Dkt 27 at 2). Plaintiff indicates that he "will draft an Amended Complaint, and in a separate filing, Plaintiff will request leave to file the Amended Complaint" (*id.*). On March 16, 2011, Plaintiff filed a "Motion for Leave to File Amended Complaint" (Dkt 35). Defendants CMS, Keith Ivens, M.D. and Bency Mathai, M.D. have filed a Response in opposition (Dkt 37).

The Magistrate Judge recommended that Plaintiff's claims against CMS be dismissed for failure to state a claim on which relief may be granted (Dkt 23 at 5). Specifically, the Magistrate Judge concluded that Plaintiff failed to allege in his complaint that his constitutional rights were violated by (or because of) any policy, practice, or custom of CMS (*id.*). Plaintiff now moves to amend his complaint to "specifically allege the policies, practices[, and] customs of each of those defendants" (Dkt 35 ¶ 1).

Plaintiff is not eligible to amend his complaint as a matter of course, thus he can amend his complaint only by leave of the Court. A district court should freely grant leave to amend a complaint when justice so requires. FED. R. CIV. P. 15(a); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). "Nevertheless, the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry*, 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). A motion to amend is futile when additional factual allegations do not further the plaintiff's legal claim. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 458 (6th Cir. 2001). Notice and substantial prejudice to the opposing party are the "critical factors" in deciding whether an amendment should be granted. *Id*. at 458-59. Moreover, when a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

Plaintiff, who is represented by counsel, could have attempted long ago to address the legal deficiencies in his complaint. Instead, Plaintiff waited to attempt to remedy such until after the Magistrate Judge recommended dismissal of the claims in question. Even were the Court to overlook the untimeliness of Plaintiff's motion, and the prejudice resulting therefrom, Plaintiff's attempt to cure the legal deficiencies in his complaint is futile.

Plaintiff's proposed amended complaint fails to state a claim against CMS on which relief may be granted. As the Magistrate Judge observed, to establish liability against CMS, Plaintiff must allege that he suffered a violation of his federal rights "because of" a CMS policy, practice, or custom (Dkt 23 at 4). To establish the existence of such, Plaintiff must allege: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that CMS had notice or constructive notice of such; (3) that CMS tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation *(id.)*. The allegations in Plaintiff' proposed amended complaint fail to satisfy this standard, i.e., fail to "raise a right for relief above the speculative level" (*id.* at 3). Plaintiff's motion to amend his complaint is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 27) and Defendant Ivens' Objections (Dkt 31) are DENIED and the Report and Recommendation (Dkt 23) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint" (Dkt 35) is DENIED as to claims against Defendant Correctional Medical Services, Inc.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 11) is GRANTED IN PART and DENIED IN PART; Defendants' Motion is **granted** as to Plaintiff's claims against Defendant Correctional Medical Services, Inc.; **granted without prejudice** as to

Plaintiff's claims against Defendant Mathai; **granted without prejudice** as to Plaintiff's claim based on Defendant Ivens' November 14, 2007 denial of a request for hip replacement surgery; and **denied** as to Plaintiff's claim based on Defendant Ivens' October 22, 2008 denial of a request for hip replacement surgery.


Dated: April 13, 2011                              /s/ Janet T. Neff
                                                                   JANET T. NEFF
                                                                   United States District Judge