UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. MAXWELL, JR.,

    Plaintiff,

v.

CORRECTIONAL MEDICAL
SERVICES INC. et al.,

    Defendants.
_____/

Case No. 1:10-cv-404

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's claim that Defendants violated his constitutional right to be free from cruel and unusual punishment. The matter is currently before the Court on Defendants Prison Health Services, Inc. (PHS) and Margaret Ouellette's Motion to Dismiss/Motion for Summary Judgment (Dkt 12). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R, Dkt 24), recommending that Defendants' motion be granted in part and denied in part. The matter is presently before the Court on Objections to the Report and Recommendation filed by Plaintiff (Pl. Obj., Dkt 28) and Defendant Margaret A. Ouellette (Def. Obj., Dkt 26). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the Objections and issues this Opinion and Order.

### A. Defendant Ouellette

#### i. Verbal Abuse Claim

Plaintiff objects to the Magistrate Judge's finding that the complaint fails to state a cause of action based on the claim that Defendant Ouellette is "'often sarcastic and defiant' and on one occasion forced Plaintiff to leave her office" (Dkt 28 at 3-5) (quoting Dkt 24 at 14). Plaintiff asserts that "[t]he verbal abuse is alleged as a part of the overall treatment of the Plaintiff by Defendant Ouellette" (Dkt 28 at 4). Plaintiff further asserts that evidence of the verbal abuse is necessary to establish Defendants' deliberate indifference to Plaintiff's serious medical needs (Dkt 28 at 2). Plaintiff concludes that "[i]t is confusing and damaging to Plaintiff's case to rule these allegations out" (Dkt 28 at 5).

Plaintiff's objection is without merit. Plaintiff points to no factual or legal error in the Magistrate Judge's analysis, and in fact, Plaintiff acknowledges that these allegations do not constitute "a stand alone claim" (Dkt 28 at 4). Plaintiff's concern about the admissibility of these allegations is misplaced. Dismissal of a claim based on Defendant's alleged remarks to Plaintiff and alleged actions in forcing Plaintiff to leave her office does not prevent admission of these acts as evidence to support another claim, if, as Plaintiff alleges, these acts are relevant as evidence of Defendant's state of mind in denying Plaintiff medical care (Dkt 28 at 5) and are otherwise admissible under the Federal Rules of Evidence. *See, e.g.* FED. R. CIV. P. 402 (providing the general rule that all relevant evidence is admissible). Because Plaintiff fails to raise a proper objection to the Magistrate Judge's analysis or conclusion, Plaintiff's objection is denied. *See Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986).

ii. Failure to Exhaust

Plaintiff next objects to the Magistrate Judge's finding that, other than the May 8, 2009 denial of Plaintiff's request for pain medication, Plaintiff has failed to exhaust his remaining claims against Defendant Ouellette (Dkt 28 at 5-8). In support of this claim, Plaintiff relies on Grievance ACF-2009-05-0407-12F3. The Magistrate Judge concluded that this grievance alleged "that Defendant Ouellette denied his request for pain medication on May 8, 2009" (Dkt 24 at 10). Plaintiff, however, asserts that this grievance "clearly covers many incidents of refusals of pain medications and it also covers the failure to put in a 407 and request the needed surgery" (Dkt 28 at 8). In support of his argument, Plaintiff references various paragraphs of the grievance (Dkt 28 at 6-7).

Plaintiff's objection is without merit. A prisoner successfully exhausts a claim when a court finds that his grievance "gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. June 3, 2009).

Most of the references to denial of pain medication to which Plaintiff points are generalized assertions that do not provide fair notice of actions or misconduct being grieved as to Defendant Ouellette. Moreover, in paragraph 1, Plaintiff states that "[m]ultiple kites have been submitted, the latest and *cause for this Grievance* being 5-8-2009, for a request for Pain Medication" (Dkt 29, Att. 1 at 2) (emphasis added). Although Plaintiff argues that the reference to multiple kites establishes that Plaintiff was complaining that Defendant Ouellette "refused pain medication multiple times" (Dkt 28 at 6), *by its own terms*, the grievance states at the outset that is a grievance *of the action of May 8, 2009*. The remaining isolated references to Defendant Ouellette do not override this clear

3

statement of the purpose of the grievance. For instance, in paragraph 4, Plaintiff references several kites in his possession, including one from Defendant Ouellette dated April 8, 2009 stating that "You will NOT be receiving anymore Ultram still waiting for Pain Management Decision" (Dkt 29, Att. 1 at 2). This reference cannot be found to have given Defendants fair notice that Plaintiff was challenging a decision by Defendant Ouellette to deny him pain medication on a previous date. Likewise, in paragraph 7, Plaintiff questions whether a request for surgery had been made to the new provider and if not, why not (Dkt 29, Att. 1 at 3). Plaintiff makes no specific allegation of misconduct and does not reference Defendant Ouellette at all. As such, the grievance fails to provide fair notice that Plaintiff is grieving Defendant Ouellette's failure to request surgery. Because Plaintiff's grievance failed to provide fair notice that he was challenging anything other than Defendant Ouellette's May 8, 2009 decision to deny him pain medication, the Magistrate Judge properly found that he failed to exhaust administrative remedies as to all but that claim. Plaintiff's objection is denied.

### iii. May 8, 2009 Denial of Pain Medication

Defendant Ouellette asserts that the Plaintiff's claim as to the May 8, 2009 incident should be dismissed for failure to state a claim "because Plaintiff was not suffering from a serious medical need and the incident did not represent deliberate indifference" (Dkt 26 at 2). Defendant cites no legal or factual error in the Magistrate Judge's analysis, but rather reasserts her argument that Plaintiff has failed to state a claim of deliberate indifference and puts forth a new argument that Plaintiff has failed to demonstrate a serious medical need.

Relying on the Magistrate Judge's finding that all but one of Plaintiff's claims against Defendant Ouellette be dismissed, Defendant first argues that "[t]here is no indication that the

4

denial of pain medication on this one specific instance constitutes a serious medical need or constitutes deliberate indifference" (Dkt 26 at 3). Defendant cites *Wilson v. Corbin*, No. 89-2167, 1991 WL 45352 (6th Cir. Apr. 3, 1991) in support of this assertion. Defendant asserts that no serious medical need has been demonstrated because Plaintiff cannot present evidence that his medical condition has worsened and alleged avascular necrosis is not evident to a lay person (Dkt 26 at 6). Defendant argues that Plaintiff cannot establish deliberate indifference because (1) Plaintiff has received some medical care and pain medication, (Dkt 26 at 4), (2) prison staff is afforded discretion in determining whether to dispense highly addictive pain medications, (*id.* at 5) and (3) courts have found that substitution of non-narcotic pain killers for narcotic pain killers does not constitute deliberate indifference (*id.*).

The Sixth Circuit Court of Appeals has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 Fed. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). To the extent, therefore, that Defendant now asserts a new argument that Plaintiff has failed to establish a serious medical need, Defendant's argument is deemed waived. Further, because Defendant has failed to identify any factual or legal errors in Magistrate Judge's analysis, Defendant has failed to raise proper objections to the Magistrate Judge's Report and Recommendation requiring review by this Court. *See Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) ("The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider.'").

Even if properly before the Court, however, Defendant's objections are without merit. The facts of *Wilson*, on which Defendant relies, are distinguishable from this case. Here, Plaintiff alleges

5

that Defendant Ouellette has intentionally refused to provide him with needed pain medication (Pl. Compl., Dkt 1 at 16). Further, Plaintiff alleges that Defendant was aware of his medical needs and that "Plaintiff's diagnosis of Avascular Necrosis and Degenerative Joint Disease of the Femoral Heads is well documented in the Plaintiff's medical records" (Dkt 1 at 8-9, 13). These claims, in the context of a 12(b)(6) motion to dismiss, are sufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As such, Defendant's objections are denied.

C. Prison Health Services

In Plaintiff's Objection to the Report and Recommendation, Plaintiff requests permission to amend the complaint against PHS (Dkt 28 at 8). Plaintiff states that he "agree[s] that the allegations against Prison Health Services are not specific enough regarding the unconstitutional policies, practices, and procedures; how the constitutional policies, practices, and procedures were violated; and how the following or the violation of the policies, practices, and procedures violated Plaintiff's constitutional rights" (Dkt 28 at 2). Plaintiff indicates that he "will draft an Amended Complaint, and in a separate filing, Plaintiff will request leave to file the Amended Complaint" (*id.*). On March 16, 2011, Plaintiff filed a "Motion for Leave to File Amended Complaint" (Dkt 35). Defendants PHS and Ouellette have filed a Response in opposition (Dkt 36).

The Magistrate Judge recommended that Plaintiff's claims against PHS be dismissed for failure to state a claim on which relief may be granted (Dkt 24 at 5). Specifically, the Magistrate Judge concluded that Plaintiff failed to allege in his complaint that his constitutional rights were violated by (or because of) any policy, practice, or custom of PHS (*id.*). Plaintiff now moves to

6

amend his complaint to "specifically allege the policies, practices[, and] customs of [PHS]" (Dkt 35 ¶ 1).

Plaintiff is not eligible to amend his complaint as a matter of course, thus he can amend his complaint only by leave of the Court. A district court should freely grant leave to amend a complaint when justice so requires. FED. R. CIV. P. 15(a); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). "Nevertheless, the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry*, 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). A motion to amend is futile when additional factual allegations do not further the plaintiff's legal claim. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *See Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 458 (6th Cir. 2001). Notice and substantial prejudice to the opposing party are "critical factors" in deciding whether an amendment should be granted. *Id*. at 458-59. Moreover, when a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

Plaintiff, who is represented by counsel, could have attempted long ago to address the legal deficiencies in his complaint. Instead, Plaintiff waited to attempt to remedy such until after the Magistrate Judge recommended dismissal of the claims in question. Even were the Court to

7

overlook the untimeliness of Plaintiff's motion, and the prejudice resulting therefrom, Plaintiff's attempt to cure the legal deficiencies in his complaint is futile.

Plaintiff's proposed amended complaint fails to state a claim against PHS on which relief may be granted. As the Magistrate Judge observed, to establish liability against PHS, Plaintiff must allege that he suffered a violation of his federal rights "because of" a PHS policy, practice, or custom (Dkt 24 at 4). To establish the existence of such, Plaintiff must allege: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that PHS had notice or constructive notice of such; (3) that PHS tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation *(id.)*. The allegations in Plaintiff' proposed amended complaint fail to satisfy this standard, i.e., fail to "raise a right for relief above the speculative level" *(id.* at 3). Plaintiff's motion to amend his complaint is therefore denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt 28) and Defendant Ouellette's Objections (Dkt 26) are DENIED and the Report and Recommendation (Dkt 24) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint" (Dkt 35) is DENIED as to claims against Defendant Prison Health Services, Inc., which resolves the Motion (Dkt 35) in its entirety.

**IT IS FURTHER ORDERED** that the Motion to Dismiss/Motion for Summary Judgment (Dkt 12) is GRANTED IN PART and DENIED IN PART; Plaintiff's claims against Defendant Prison Health Services, Inc., are dismissed for failure to state a claim on which relief may be granted; Defendant Ouelette's motion to dismiss for failure to state a claim is granted as to the claims that Defendant is "often sarcastic and defiant" and on one occasion forced Plaintiff to leave her office and denied as to Plaintiff's other claims; Plaintiff's remaining claims against Defendant Ouellette, except for his claim that on May 8, 2009, Defendant Ouellette denied his request for pain medication, are dismissed without prejudice for failure to properly exhaust administrative remedies.

Dated: April 15, 2011

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge