UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE MAXWELL, JR.,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                        Case No. 1:10-CV-404

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Ivens' Motion for Summary Judgment. (Dkt. #45). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Plaintiff was incarcerated in 1994, after which he "developed pain in both hips." Following his release in 2003, Plaintiff treated with Dr. Boon Cho Chang. The doctor initially prescribed therapy and medication, but when such proved unsuccessful Dr. Chang "recommended surgery." However, before Dr. Chang could locate a surgeon to perform surgery, Plaintiff was again incarcerated in July 2005.

In August 2005, Plaintiff was diagnosed with "moderately advanced bilateral hip degenerative changes, the right side greater than the left." X-rays of Plaintiff's hips, taken on September 21, 2007, revealed "advanced arthritic changes." On November 14, 2007, Plaintiff was diagnosed with

"bilateral avascular necrosis of the hips," for which "bilateral hip replacement surgery" was recommended. Dr. Keith Ivens denied this recommendation because of Plaintiff's "pre-existing gun shot wounds." Dr. Ivens instead recommended "continuation of ambulation assistance devices." On March 11, 2008, Physician's Assistant Celeste Fraser requested an MRI of Plaintiff's right hip. This request was denied by Dr. Bency Mathai.

On October 2, 2008, Physician's Assistant Hope Heebsh, noting that Plaintiff "failed conservative treatment," recommended that Plaintiff undergo bilateral hip replacement. On October 22, 2008, Dr. Ivens rejected this recommendation, directing instead that Plaintiff's "pain be managed with maximum pain medication" and "hip strengthening." Physician's Assistant Heebsh also requested that Plaintiff be provided an air mattress. This request was denied by Dr. Jeffrey Stieve. Since December 23, 2008, Plaintiff "has been unable to walk and is confined to the use of a wheelchair." On February 9, 2009, Physician's Assistant Heebsh "ordered" that Plaintiff be permanently permitted to use a wheelchair. On July 17, 2009, Physician's Assistant Margaret Ouellette "ordered" that Plaintiff only be permitted to use a wheelchair "for long distances."

Plaintiff initiated this action on April 26, 2010, against Correctional Medical Services, Inc. (CMS), Prison Health Services, Inc. (PHS), Dr. Ivens, Physician's Assistant Ouellette, Dr. Steive, and Dr. Mathai. Plaintiff alleges that Defendants have violated his constitutional right to be free from cruel and unusual punishment. Plaintiff seeks injunctive and monetary relief. Plaintiff's claims against Defendants CMS, PHS, and Stieve have since been dismissed. Plaintiff's claims against Defendant Ouellette have been partially dismissed. Defendant Ivens now moves for summary judgment as to the sole remaining claim against him.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

As noted above, Plaintiff's complaint advances only two allegations against Defendant Ivens: (1) Ivens denied the November 14, 2007 recommendation that Plaintiff undergo hip replacement surgery, and (2) on October 22, 2008, Defendant Ivens denied a second recommendation that Plaintiff undergo hip replacement surgery. On January 18, 2011, the undersigned recommended that Plaintiff's claim that Defendant Ivens denied the November 14, 2007 recommendation that Plaintiff undergo hip replacement surgery be dismissed for failure to exhaust administrative remedies. (Dkt. #23). This recommendation was subsequently adopted by the Honorable Janet T. Neff. (Dkt. #38). Defendant Ivens now moves for summary judgment as to Plaintiff's claim that on October 22, 2008, he again denied a recommendation that Plaintiff undergo hip replacement surgery.

In support of his motion, Defendant Ivens has submitted an affidavit in which he asserts that he "retired from Correctional Medical Services, Inc." on December 14, 2007, and thereafter "no longer worked in any capacity for Correctional Medical Services, Inc." (Dkt. #45, Exhibit B). Defendant Ivens asserts that he had "no personal involvement, either directly or indirectly, in any aspect of [Plaintiff's] medical treatment after my December 14, 2007 retirement from Correctional Medical Services, Inc." Ivens further asserts that he had "no personal involvement, either directly or indirectly, in any aspect of the alleged October 22, 2008 denial of hip replacement surgery at issue in [Plaintiff's] complaint." *Id.* As is well recognized, liability in a § 1983 action "must be based on active

unconstitutional behavior and cannot be based upon a 'mere failure to act' or the 'mere right to control employees.'" *Rodriguez v. City of Cleveland*, 439 Fed. Appx. 433, 457-58 (6th Cir., Aug. 26, 2011) (citations omitted).

Plaintiff does not dispute Defendant Ivens' assertion that he had no involvement in the October 22, 2008 decision to deny the recommendation that Plaintiff undergo hip replacement surgery. Likewise, Plaintiff offers no evidence to counter Defendant Ivens' assertion or otherwise call such into question. Instead, Plaintiff, who has been represented by legal counsel from the outset of this matter, asserts several frivolous arguments intended to divert the Court's attention away from the fact that Plaintiff simply failed to assert the claim in question against the appropriate individual.

First, Plaintiff argues that Defendant Ivens is "being extremely nasty" for failing to previously assert the claim that he was not involved in the October 22, 2008 decision in question. The present motion for summary judgment is not submitted in violation of any rule, law, or Order of this Court. This argument is, therefore, rejected. Plaintiff next argues that because Defendant Ivens "surely. . .knows who the person is who denied the surgery in 2008," Ivens was required to file a motion "to join a mandatory party." According to Plaintiff, "[s]ince [Ivens] did not file a motion to add that party, he accepted responsibility himself and it is now too late to claim it was someone else who did it." Aside from the fact that there is absolutely no evidence in the record that Defendant Ivens is aware of the identity of the person who denied the 2008 surgery recommendation, this argument reflects a disturbing misunderstanding of the Federal Rules of Civil Procedure and legal practice in general. This argument is rejected as frivolous. Plaintiff next argues that Defendant Ivens, in his answer to Plaintiff's complaint, "admitted his involvement in" the October 22, 2008 incident in question. This argument is rejected as

Defendant Ivens' answer, (dkt. #40), contains no statement or admission that can reasonably be interpreted as admitting his involvement in the incident in question.

As Plaintiff asserts in response to the present motion for summary judgment, he simply assumed that Defendant Ivens was involved in the October 22, 2008 incident. Plaintiff's failure to perform sufficient investigation prior to initiating this action and his failure to conduct sufficient or timely discovery after instituting this action is an insufficient basis to defeat a properly filed and properly supported motion for summary judgment. Accordingly, because Defendant Ivens has established that he was not involved in the October 22, 2008 decision to deny the recommendation that Plaintiff undergo surgery, the undersigned recommends that Defendant Ivens' motion for summary judgment be **granted**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Ivens' Motion for Summary Judgment, (dkt. #45), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: January 6, 2012            /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge