UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. MAXWELL, JR.,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

Case No. 1:10-cv-404

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged violations of Plaintiff's Eighth Amendment Rights. Defendant Ivens and Defendant Ouellette filed motions for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) for each motion (Dkts 55, 61), recommending that this Court grant Defendants' motions. The matter is presently before the Court on Plaintiff's objections to the Reports and Recommendations (Dkts 57, 63). The Court has received responses to the Objections from Defendants Ivens and Ouellette (Dkts 59, 64). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made, and determines that the objections are properly denied.

Also before the Court is Plaintiff's Motion for Relief from the Court's April 13, 2011 Order (Dkt 65) and Plaintiff's Second Motion for Leave to Amend the Complaint (Dkt 66). Defendants

Ivens and Ouellette have filed responses to Plaintiff's Motion for Relief, to which Plaintiff has filed replies.  Additionally, Defendants have filed responses to Plaintiff's Second Motion for Leave to Amend the Complaint, and Plaintiff has filed a reply.

Having fully considered the arguments presented, the Court denies the objections, denies Plaintiff's motions, grants Defendants' motions for summary judgment, and issues this Opinion and Order.

### I. Defendant Ivens' Motion for Summary Judgment

Plaintiff objects to the Magistrate Judge's application of the summary judgment standard to Defendant Ivens' Motion for Summary Judgment (Pl. Obj., Dkt 57 at 1; R & R, Dkt 55 at 5-7). Specifically, Plaintiff asserts that he has "identified a genuine issue for trial" (Pl. Obj., Dkt 57 at 1). Plaintiff argues that Defendant Ivens' Answer to the Complaint contradicts the evidence submitted by Defendant Ivens in support of his Motion for Summary Judgment.

In the pertinent part, the Complaint reads, "Defendant[] . . . Iven [sic] . . . [is] . . . at all times relevant to this action, [an] employee[] of CMS [Correctional Medical Services]" (Compl., Dkt 1 ¶ 7).  The Answer states, "Defendant, Dr. Ivens, admits that during the dates of the incidents in question involving him he was an employee of CMS" (Answer, Dkt 40 ¶7).  Defendant Ivens neither admits nor denies the remaining allegations in paragraph seven (*id.*).  Defendant Ivens also neither admits nor denies the allegations in paragraph twenty-one of the Complaint, which allege that Plaintiff's request for surgery was denied by Defendant Ivens (*id.* ¶21).  In his Affidavit of Non-Involvement, Defendant Ivens avers that he retired from CMS in December of 2007 and was not involved in the October 2008 decision to deny Plaintiff hip-replacement surgery (Ex. B, Dkt 45-3 ¶¶ 8, 12).

2

Plaintiff argues that Defendant Ivens' Affidavit of Non-Involvement contradicts the Answer, in that the Answer indicates that Defendant Ivens was employed by CMS in October 2008 (Pl. Obj., Dkt 57 at 2). Defendant Ivens' Answer, to the contrary, indicates only that he was employed by CMS during "the dates of the incidents in question *involving him* . . ." (Answer, Dkt 40 ¶ 7) (emphasis added). Plaintiff's interpretation of the Answer is not supported by its plain language, and therefore, as the Magistrate Judge determined, no genuine issues of material fact remain for trial. Plaintiff's argument is without merit, and his objection is denied.

Plaintiff's second argument that it was Defendant Ivens's responsibility to bring his non-involvement to Plaintiff's attention earlier in the proceedings is similarly without merit. There is neither anything in the Federal Rules of Civil Procedure, nor has Plaintiff cited any relevant authority, supporting such a proposition. Plaintiff's objection is therefore denied.[1]

## II. Defendant Ouellette's Motion for Summary Judgment

Plaintiff objects to the Magistrate Judge's Report and Recommendation recommending summary judgment in favor of Defendant Ouellette on the basis that Plaintiff "never made the claim preserved by the Court" (Pl. Obj., Dkt 63 at 1). Plaintiff states that he "obviously cannot provide evidence to support a claim not made and not true" (*id.* at 2).

The remaining pending claim against Defendant Ouellette is "that on May 8, 2009, Plaintiff submitted a request for pain medication which Ouellette denied" (R & R, Dkt 61 at 2-3). Plaintiff attempts to obfuscate the record when he states:

---

[1] Because the Court is granting summary judgment in favor of Defendant Ivens, his pending Motion to Compel Answers to Interrogatories (Dkt 48) is denied as moot.

> Plaintiff did not make a request for pain medication on May 8, 2009. In fact Plaintiff was never even seen by Defendant Ouellette on that date. The Court preserved a claim never made, and never grieved.

(Pl. Obj., Dkt 63 at 1). To the contrary, Plaintiff's May 12, 2009 Grievance (No. ACF2009-05-0407-12F3) states that Plaintiff "sent a Health Care Request Kite to P.A. Ouellette . . ." (Dkt 12-3 at 30). The affidavit in support of the grievance elaborates and states, "Multipal [sic] kites have been submitted, the latest and cause for this Grievance being 5-8-2009, for a request for Pain Medication, and being denies [sic], delayed or treated Deliberately Indifferent by [Defendant Ouellette]" (*id.* at 32). Plaintiff's argument is not only inexcusably belated (*see* Dkts 24, 39 addressing this claim), it is frivolous and based on a blatant misrepresentation of the facts. Plaintiff's objection is therefore denied.

### III. Motion for Relief from Judgment

Plaintiff moves for relief from judgment of the Court's April 13, 2011 Order pursuant to FED. R. CIV. P. 60(b), arguing that Plaintiff's claim against Defendant Ivens for the November 2007 denial of surgery should not have been dismissed (Pl. Mot., Dkt 65 at 1). Although Plaintiff cites several provisions of Rule 60(b), his arguments center on mistake, and will be evaluated as a motion under Rule 60(b)(1).

Relief from judgment is available under Rule 60(b)(1) "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). The court in *Cacevic* further noted that a Rule 60(b)(1) motion allows for "clear errors" to be

corrected without an appeal. *Cacevic*, 226 F.3d at 490 (citing *Bank of Calif., N.A. v. Arthur Anderson Co.*, 709 F.2d 1174, 117 (7th Cir. 1983)).

Plaintiff argues that the Court made a substantive mistake in ruling that Plaintiff's December 23, 2008 grievance addressed only the denial of surgery in 2008, and that his attorney made several mistakes (Pl. Mot., Dkt 65 at 1-2). Reviewing both the Order (Dkt 38) and the Magistrate Judge's Report and Recommendation (Dkt 23), the Court finds no clear error with regard to the analysis of Plaintiff's December 23, 2008 grievance.

Plaintiff's attorney argues that she made several strategic mistakes in her reading of the Plaintiff's grievance and in understanding the consequences of the Court's Order (Pl. Mot., Dkt 65 at 8). Relief from judgment under Rule 60(b)(1) is available when "an attorney has acted without authority." *Reyes*, 307 F.3d at 455. Plaintiff has submitted no evidence that his attorney acted without authority, merely that she misunderstood the facts and procedural posture of the case. Plaintiff's motion for relief from judgment is therefore denied.

### IV. Second Motion for Leave to Amend the Complaint

Plaintiff moves for a second time to amend his Complaint to cure deficiencies that have become apparent over the course of litigation (Dkt 66). Plaintiff seeks to reinstate two Defendants, add two Defendants, and amend the allegations against another Defendant (Dkt 66 ¶ 1).[2]

Plaintiff is not eligible to amend his Complaint as a matter of course, thus he can amend his Complaint only by leave of the Court. A district court should freely grant leave to amend a

---

[2] Defendant Ivens has moved to strike Plaintiff's Reply for failure to comply with the local rule requiring leave to file a reply with regard to a nondispositive motion (Dkt 76). *See* W.D. Mich. LCivR 7.3. The Court agrees that Plaintiff was required to seek leave of the Court to file his reply. Nonetheless, because the Court is denying Plaintiff's motion to amend, and further, Plaintiff now requests such leave, Defendant's motion to strike is denied as moot.

complaint when justice so requires. FED. R. CIV. P. 15(a); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). "Nevertheless, the party requesting leave to amend must 'act with due diligence if it wants to take advantage of the Rule's liberality.'" *Parry*, 236 F.3d at 306 (quoting *United States v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995)). A motion to amend is futile when additional factual allegations do not further the plaintiff's legal claim. *See Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). The factors relevant when considering a motion to amend include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). Notice and substantial prejudice to the opposing party are the "critical factors" in deciding whether an amendment should be granted. *Id.* at 458-59. Moreover, when a party seeks to amend its complaint at a late stage of the litigation, "there is an increased burden to show justification for failing to move earlier." *Id.* at 459.

Plaintiff, who is represented by counsel, could have attempted long ago to address the legal deficiencies in his Complaint. Instead, Plaintiff waited to attempt to remedy such until after the Magistrate Judge recommended dismissal of all remaining claims. The Court finds that permitting Plaintiff to amend his Complaint under these circumstances would prejudice Defendants and unreasonably delay resolution of the claims presently before the Court. Accordingly, Plaintiff's motion to amend his Complaint is denied.

## V. Conclusion

For the foregoing reasons, this Court adopts each of the Magistrate Judge's Reports and Recommendations as the Opinion of this Court. A Judgment will be entered consistent with this

Opinion and Order. *See* FED. R. CIV. P. 58. The Court denies Plaintiff's Motion for Relief from Judgment and Motion for Leave to Amend the Complaint. The remaining pending motions in this case are denied as moot (*see* Dkts 48, 76).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 57, 63) are DENIED and each Report and Recommendation (Dkts 55, 61) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motions for Summary Judgment (Dkts 45, 50) are GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Relief from Judgment (Dkt 65) is DENIED.

**IT IS FURTHER ORDERED** that the Second Motion for Leave to Amend the Complaint (Dkt 66) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Compel Answers to Interrogatories (Dkt 48) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Motion to Strike Plaintiff's Impermissible Reply (Dkt 76) is DENIED as moot.

Dated: May  2 , 2012                             /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge