UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE A. MAXWELL JR.,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, INC. et al.,

    Defendants.
_____/

Case No. 1:10-cv-404

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiff's Eighth Amendment right against deliberate indifference to his serious medical needs due to the denial of hip-replacement surgery and adequate pain medication. The case is before the Court on a motion for summary judgment by Defendant Dr. Keith Ivens, the sole remaining Defendant and claim: that on November 14, 2007, Defendant Ivens denied the recommendation that Plaintiff undergo hip surgery. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendant Ivens' motion (Dkt 95). Plaintiff has filed objections to the Report and Recommendation (Dkt 96). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff sets forth ten objections to the Report and Recommendation, none of which provide a valid basis for rejecting the analysis and conclusion of the Magistrate Judge. The Magistrate Judge

considered Plaintiff's claim under the applicable legal standards and properly determined that Defendant Ivens' motion for summary judgment should be granted.

Plaintiff first objects that the law set forth by the Magistrate Judge concerning the standards for deciding a motion for summary judgment is irrelevant and therefore confusing (Objs., Dkt 96, ¶¶ 1-2). The Court finds Plaintiff's criticism unfounded, and in any event, inconsequential. The Magistrate Judge properly set forth the general legal rules applicable to motions for summary judgment. Additionally, Plaintiff fails to show how the alleged irrelevance or "confusion" undermines the result reached by the Magistrate Judge. Plaintiff simply makes the bare conclusory assertions that he has shown a jury could find in his favor and that Defendant Ivens was deliberately indifferent to Plaintiff's medical needs, i.e., he was subjectively aware of Plaintiff's serious medical condition and either knowingly or recklessly disregarded it. Such conclusory statements demonstrate no error in the Report and Recommendation and provide no basis for relief. Plaintiff's first two objections are without merit.

Plaintiff next objects to the Magistrate Judge's factual statement that Defendant Ivens denied the recommendation of the orthopedic surgeon because of "'pre-existing gunshot wounds'" (Objs. ¶ 3). Plaintiff asserts that the gun-shot pellets were in the right thigh, not in his hips. Plaintiff contends that it is a denial of his constitutional rights to deny medical treatment because of a pre-existing condition, and, in addition, this pre-existing condition was clearly irrelevant. Plaintiff further contends that such a denial shows that Defendant Ivens knew about Plaintiff's medical condition and was "deliberately, or at least almost deliberately, certainly at the least recklessly, indifferent" to it (*id.*). Plaintiff provides no authority to support his legal contentions, which have

no foundation in logical reasoning, and as above, are merely bare, conclusory statements. This objection is denied.

Plaintiff next lists a chronology of excerpts from various medical records and statements in his affidavits, including that he was in pain while still in prison as a result of the denial of surgery and he disagrees with the statements in Dr. Ivens' affidavit. Plaintiff asserts that the medical evidence and his affidavit were ample to avoid summary judgment (Objs. 4-5). Plaintiff essentially repeats the medical history cited in his response to the motion for summary judgment (Dkt 94). He also repeats his contentions noted above based on the purportedly irrelevant pre-existing gunshot wounds, which Plaintiff asserts was presumably the basis of Dr. Ivens' denial of Plaintiff's hip surgery. Plaintiff asserts that Dr. Ivens could not have reviewed Plaintiff's medical records, and he denied Plaintiff needed surgery "for irrelevant and ridiculous reasoning" (Objs. ¶ 5). As above, these contentions lack any basis in the record or any logical foundation, and are without substantive merit.

Plaintiff next asserts, without reasoning or further explanation, that the Magistrate Judge did not view the facts in a light most favorable to Plaintiff, as required (Objs. ¶ 6). Plaintiff states that Dr. Ivens is not an orthopedic surgeon, and the simple fact that he overrode the opinion of a specialist is itself evidence of deliberate indifference (Objs. ¶ 7). Further, Dr. Ivens knew about Dr. Ikram's recommendation for hip surgery, ignored Dr. Ikram's warnings about continuing injections and his finding that conservative treatment had failed. Plaintiff contends that Dr. Ivens knew that the failure to follow Dr. Ikram's recommendation would result in considerable pain and suffering to Plaintiff, and intentionally disregarded the recommendation, which is subjective indifference.

Plaintiff asserts that he presented medical evidence contradicting Dr. Ivens' affidavit, and the Magistrate Judge chose to ignore what Plaintiff presented (Objs. ¶ 8); Dr. Ivens' decision cannot be based on his medical judgment because he is not an orthopedic surgeon (*id.* ¶ 9); "[h]e" could not have considered all the medical evidence because it substantially supports Plaintiff's view, not Dr. Ivens'; and a jury could very well agree with Plaintiff (*id.*).

Plaintiff's various assertions and bare, conclusory legal contentions advance no legitimate challenge to the Report and Recommendation. The Magistrate Judge considered Plaintiff's claims in light of the record, including Plaintiff's medical record (R & R at 6-9), and the governing legal principles (*id.* at 5-6, 9). The Magistrate Judge found that based on the evidence then available to Dr. Ivens, his determination was not unreasonable and did not constitute deliberate indifference. As the Magistrate Judge observed, Plaintiff's mere disagreement with the treatment he received or evidence of negligent care, or even medical malpractice, is insufficient to prevail on an Eighth Amendment denial of medical treatment claim (*id.* at 6, 8-9).

Finally, Plaintiff's objection to the "overall" Report and Recommendation (Objs. ¶ 10) is improper. *See* W.D. Mich. LCivR 72.3(b) (written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Likewise, to the extent that Plaintiff's objections merely reargue his general claims, they are not proper objections to the Report and Recommendation. Plaintiff has raised no objection that persuades this Court that a full review of his response brief, his affidavit, and the record is warranted.

Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and

Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 96) are DENIED and the Report and Recommendation (Dkt 95) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Dkt 86) is GRANTED.

Dated: September 30, 2014                              /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge